1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES DANIEL CARL,

11              Petitioner,              No. CIV-S-10-0261 GEB CKD P

12      vs.

13   JOHN HAVILAND,

14              Respondent.        FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a California prisoner proceeding pro se with a petition for writ of

17   habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges the fact that he was denied parole

18   in 2007.

19              An application for a writ of habeas corpus by a person in custody under a

20   judgment of a state court can be granted only for violations of the Constitution or laws of the

21   United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any

22   claim decided on the merits in state court proceedings unless the state court's adjudication of the

23   claim:

24              (1) resulted in a decision that was contrary to, or involved an
                unreasonable application of, clearly established federal law, as
25              determined by the Supreme Court of the United States; or

26   /////

1

1  (2) resulted in a decision that was based on an unreasonable
   determination of the facts in light of the evidence presented in the
2  State court proceeding.

3  28 U.S.C. § 2254(d).[1]  It is the habeas petitioner's burden to show he is not precluded from

4  obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

5  The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

6  different.  As the Supreme Court has explained:

7  A federal habeas court may issue the writ under the "contrary to"
   clause if the state court applies a rule different from the governing
8  law set forth in our cases, or if it decides a case differently than we
   have done on a set of materially indistinguishable facts.  The court
9  may grant relief under the "unreasonable application" clause if the
   state court correctly identifies the governing legal principle from
10 our decisions but unreasonably applies it to the facts of the
   particular case.  The focus of the latter inquiry is on whether the
11 state court's application of clearly established federal law is
   objectively unreasonable, and we stressed in Williams [v. Taylor,
12 529 U.S. 362 2000)] that an unreasonable application is different
   from an incorrect one.

13

14 Bell v. Cone, 535 U.S. 685, 694 (2002).

15 The court will look to the last reasoned state court decision in determining

16 whether the law applied to a particular claim by the state courts was contrary to the law set forth

17 in the cases of the United States Supreme Court or whether an unreasonable application of such

18 law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

19 A state court does not apply a rule different from the law set forth in Supreme

20 Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to

21 indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

22 "[W]hen a federal claim has been presented to a state court and the state court has

23 denied relief, it may be presumed that the state court adjudicated the claim on the merits in the

24 absence of any indication or state-law procedural principles to the contrary."  Harrington v.

25

26 [1]  Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not
grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 119 (2007).

2

1    Richter, 131 S. Ct. 770, 784-85 (2011).  "The presumption may be overcome when there is

2    reason to think some other explanation for the state court's decision is more likely."  Id. at 785.

3              Where the state court fails to give any reasoning whatsoever in support of the

4    denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this

5    court must perform an independent review of the record to ascertain whether the state court

6    decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

7    As long as "'fairminded jurists could disagree' on the correctness of the state court's decision,"

8    habeas relief is precluded.  Harrington, 131 S. Ct. 786.

9              Petitioner asserts he was denied parole in 2007 in violation of the Due Process

10   Clause of the Fourteenth Amendment.  The Due Process Clause of the Fourteenth Amendment

11   prohibits state action that deprives a person of life, liberty, or property without due process of

12   law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a

13   liberty or property interest protected by the Due Process Clause and then show that the

14   procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't

15   of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

16             A protected liberty interest may arise from either the Due Process Clause of the

17   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

18   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

19   221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create

20   a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454

21   U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no

22   constitutional or inherent right of a convicted person to be conditionally released before the

23   expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory

24   language, 'creates a presumption that parole release will be granted' when or unless certain

25   designated findings are made, and thereby gives rise to a constitutional liberty interest."

26   Greenholtz, 442 U.S. at 12.

1    California's parole statutes give rise to a liberty interest in parole protected by the

2    federal due process clause.  Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (per curiam).  In

3    California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her

4    current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re

5    Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme

6    Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule

7    into a substantive federal requirement."  Swarthout, 131 S. Ct. at 862.  In other words, the Court

8    specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment

9    for insufficiency of evidence presented at a parole proceeding.  Id. at 863.  Rather, the protection

10   afforded by the federal due process clause to California parole decisions consists solely of  the

11   "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be

12   heard and . . . a statement of the reasons why parole was denied."  Id. at 862.

13   Here, the record reflects that petitioner was present at his 2007 parole hearing, he

14   was given an opportunity to be heard throughout his hearing, and was provided with the reasons

15   for the decision to deny parole.  Pet. at 19-130.[2]  According to the United States Supreme Court,

16   the Due Process Clause requires no more.  Accordingly, petitioner's denial of federal due process

17   claim must be rejected.

18   Petitioner also asserts that certain rights arising under state law were violated

19   when he was denied parole.  However, petitioner may not obtain relief on these claims because,

20   as indicated above, an application for writ of habeas corpus can only be granted if a violation of

21   federal law has occurred.  28 U.S.C. § 2254(a).

22   /////

23   /////

24   /////

25   _____

26   [2]  The page numbers referenced are those assigned by the court's electronic docketing system.

4

1    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

2  a writ of habeas corpus be denied.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5  one days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

8  may address whether a certificate of appealability should issue in the event he files an appeal of

9  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

10  court must issue or deny a certificate of appealability when it enters a final order adverse to the

11  applicant).  Any reply to the objections shall be served and filed within fourteen days after

12  service of the objections.  The parties are advised that failure to file objections within the

13  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14  F.2d 1153 (9th Cir. 1991).

15   Dated: August 25, 2011

16

17                                      CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21  1
    carl0261.157

22

23

24

25

26